Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge
Dated: Monday, September 18, 2006 12:57:26 PM

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JEFFREY W. SHRECK, | ) | Case No. 05-1278 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| DISCOVER BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No.05-115 |
| | ) | |
| JEFFREY W. SHRECK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| CHASE MANHATTAN BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Adv. Proc. No. 05-114 |
| JEFFREY W. SHRECK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

On February 16, 2006, the court dismissed the adversary complaints filed by Discover Bank and Chase Manhattan Bank (Plaintiffs) that sought to except a debt from the Chapter 7 discharge of Jeffery W. Shreck (the "Debtor") on the grounds that the Debtor made credit card charges with the

intent to defraud pursuant to 11 U.S.C. § 523(a)(2). The court dismissed the complaints, after notice, because the Plaintiffs had failed to prosecute the actions. The Plaintiffs now seek to set aside the order and have the court sign a consent order that was prepared by the parties – but not filed – before the court dismissed the adversary proceedings.

The court held a telephonic hearing on the Plaintiffs' motions on April 13, 2006, at which time the Debtor opposed vacating the court's order of dismissal. The parties submitted post-hearing briefing, and the case is ripe for decision. For the reasons stated herein, the court will deny the Plaintiffs' motions.

## I. BACKGROUND

The Plaintiffs' filed the adversary proceedings against the Debtor on June 29, 2005. The Debtor answered the complaints, and at the August 24, 2005 pre-trial conference, the court set November 17, 2005, as the trial date. The parties conducted discovery, and on November 10, 2005, the Plaintiffs' counsel called the court to inform it that the parties had settled the case and that the trial should be cancelled.

The Debtor had received two stipulations of "Order and Judgment of Nondischargeability" on November 3, 2005 from the Plaintiffs' out-of-state counsel. The Debtor made some changes to the stipulations pursuant to a telephone conference with the Plaintiffs' local counsel, signed them as of November 10, 2005, mailed them back to local counsel, and sent them by facsimile to the Plaintiffs' out-of-state counsel. Although the stipulations were signed by the Plaintiffs' local counsel on November 28, 2005, they were not timely filed in the adversary proceedings. Consequently, on January 13, 2006, the court issued orders providing that the adversary proceedings would be dismissed unless good cause was shown by the Plaintiffs as to why it should not be dismissed. The Plaintiffs' out-of-state counsel then requested that the Debtor send it another copy of the stipulations, stating that it never received the previous facsimile. The Debtor mailed the stipulations on February 13, 2006. The court dismissed the adversary proceedings on February 16, 2006.

## II. DISCUSSION

The Plaintiffs argue that the court should set aside entry of its dismissal orders on the basis that the custom and practice in this district has been to set aside "show cause" dismissals to permit entry of the agreed compromises, and that its failure to timely act in filing the stipulation was the result of

excusable neglect pursuant to Fed. R. Civ. P. 60(b), as made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9024.

Regarding the Plaintiffs' custom and practice argument, the undersigned judge took the bench in this one-judge bankruptcy district on March 10, 2006, the Honorable Edward Friend having retired. The Plaintiffs assert that their counsel have filed many motions to set aside "show cause dismissals" like the one entered in this case over the past three years, none of which were ever opposed by the adverse party, and which were routinely granted by Judge Friend. The Plaintiffs' own argument, however, belies the custom and practice assertions. Here, the Debtor is opposing the motion to set aside the court's order of dismissal – a distinguishing factor from the other experiences recited by the Plaintiffs' counsel.

Regarding the Plaintiffs' contention that the court's dismissal order should be set aside based on the excusable neglect standard of Fed. R. Civ. P. 60(b)(1), the only basis stated for applying that standard is that counsel was busy with a backlog of cases that were filed just before the October 17, 2005 effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act. "Excusable neglect," however, as defined by the Supreme Court in *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), and as interpreted by this court in *Fluharty v. Household Automotive Finance*, No. 05-79, 2006 Bankr. LEXIS 1752 at *5-7 (Bankr. N.D.W.V. Aug. 11, 2006), is not present in this case.

The Debtor signed the stipulations on November 10, 2005; the Plaintiffs' local counsel signed it on November 28, 2005. All that was left to do at that time was to file the agreed orders with the court for its approval of the compromises. That small task was not accomplished until 23 days after the court dismissed the adversary complaints.[1] The court rejects the assertion that a backlog of cases would

---

[1] The Plaintiffs also attempt to explain that the reason the stipulations were not filed earlier is because of the Debtor's attempts to negotiate both with out-of-state counsel and local counsel. On February 13, 2006, the Plaintiffs' out-of-state counsel learned, for the first time, about local counsel's November 28, 2005 acquiescence to the changes that Debtor's counsel made to the stipulation that was originally proposed to the Debtor by out-of-state counsel. Apparently, an internal discussion occurred concerning what was to be done, the duration of which exceeded the court-afforded show cause period. Notwithstanding the fact that the Plaintiffs had internal discussions as to how to handle the division of settlement authority, nothing was done in this case until March 10, 2006, when the same stipulations that it had been sitting on since November 28, 2005, were filed.

prevent the ministerial act of filing a previously prepared document. Therefore, the court concludes that no "excusable neglect" is present in this case.

## III. CONCLUSION

The court will deny the Plaintiffs' motions to set aside the dismissal of the adversary proceedings against the Debtor. A separate order is attached pursuant to Fed. R. Bankr. P. 9021.